It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* * * *

The mere fact that two articles are designed and construed to be used together, does not necessarily make either a part of the other. * * * [Italics quoted.]

In the cited case, the merchandise consisted of certain wooden tripods. In rejecting the importer's claim for classification of the articles as parts of cameras, the court stated as follows:

It is evident, we think, from the character of the articles and from the testimony in the case, that, when a tripod and a camera are used together, each "performs its separate function without loss of any of its essential characteristics." Whether separate or joined, each is complete in itself, each is a distinct and separate commercial entity. * * *

We are of opinion, therefore, that, although it may be necessary to use *tripods* as *supports* for the involved *cameras,* tripods are not, for that reason, integral, constituent, or component parts of such cameras. The most that can be said is that the two articles—a tripod and a camera—are designed to be used together, one as a support for the other, and that they are chiefly so used. [Italics quoted.]

Comparable reasoning may be applied in this case. Here, the imported items are used as supports, for tamping machines to perform their function of tamping a railroad bed for the purpose of leveling the railroad track. While the merchandise in question is designed for use with tamping machines, and "on new work you must have those devices in order to hold the rail in perfect position" (R. 6), they are not integral, constituent, or component parts of such machines. Plaintiff's witness stated that the four items in question "make one article, one accessory." (R. 7.) It may be said that these items aid the operation of a tamping machine, but they are in no way related to the functional parts of such a machine. When the imported merchandise and a tamping machine are used together, they perform their separate functions, independently, without the loss of any of their individual essential characteristics. They are separate and distinct commercial entities. The use of the present merchandise with tamping machines is in the nature of accessories to, or adjuncts of, such machines, and not parts thereof, within the meaning of the term "part," as enunciated in the *Willoughby Camera Stores, Inc.,* case, *supra,* and we so hold.

Consideration has been given to all of the cases cited in plaintiff's brief, but, because of factual differences as well as distinguishable legal questions presented therein, we find it unnecessary to review them here.

On the basis of the record before us, and for all of the reasons hereinabove set forth, we hold the merchandise in question, represented by the above-enumerated items, to be properly dutiable at the rate of 22½ per centum ad valorem under paragraph 397, as amended, as manufactures of metal, not specially provided for, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.

No. 63659.—Beck Distributing Corp. *v.* United States, protest 58/14298 (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of extractors and parts thereof the same in all material respects as those the subject of *General Chain & Belt Co.* v. *United States* (40 Cust. Ct. 5, C.D. 1948), the claim of the plaintiff was sustained.

No. 63660.—General Chain & Belt Co. v. United States, protests 58/14982, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of extractors and parts thereof the same in all material respects as those the subject of *General Chain & Belt Co.* v. *United States* (40 Cust. Ct. 5, C.D. 1948), the claim of the plaintiff was sustained.

No. 63661.—Mining Progress, Inc. v. United States, protests 58/20276 and 58/24630(B) (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of articles essential to the operation of a Lobbe Hobel, a continuous mining machine, similar to those the subject of *Judson Sheldon Division National Carloading Corp. et al.* v. *United States* (42 Cust. Ct. 19, C.D. 2061), the claim of the plaintiff was sustained.

No. 63662.—Bruce Duncan, a/c Bakersfield Seed Service Co. v. United States, protest 303738–K (Los Angeles).

Opinion by LAWRENCE, J. The protest was dismissed.

No. 63663.—Alfred Mainzer, Inc., and Alltransport, Inc., et al. v. United States, protests 58/8731, etc. (New York).